**TRINITY UNIVERSAL INSURANCE COMPANY, Plaintiff-Appellant, v. PURE OIL COMPANY et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 5266.   Decided November 18, 1955.

Wiles & Doucher, Columbus, for plaintiff-appellant.
Sebastian, Fais & Durst, Columbus, for defendants-appellees.

(NICHOLS, PJ, GRIFFITH, J, of the Seventh District, and FESS, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By NICHOLS, PJ.

This action was instituted in the Municipal Court of the City of Columbus wherein the plaintiff recovered judgment against the defendants for damages occasioned to the automobile of one Clarence Hedrick while it was parked in a shed located on real estate owned by the Pure Oil Company and leased by it to the defendant, Martin A. Michel who

operated thereon a filling station at which products of Pure Oil Company were advertised and sold.

The defendant, Pure Oil Company, had filed a demurrer to the amended petition of the plaintiff which demurrer was over-ruled by the Municipal Court and the case was tried therein to the Judge without a jury upon such amended petition, the separate answers of the defendants and the evidence. At the request of the defendants the Municipal Court made separate findings of fact and conclusions of law upon which defendants' judgment was rendered. On appeal on questions of law to the Common Pleas Court of Franklin County that judgment was reversed and final judgment entered for the defendants, from which judgment appeal has been duly prosecuted to this Court of Appeals upon questions of law. Trinity Universal Insurance Company is the subrogee of Clarence Hedrick, owner of the damaged automobile which was damaged on the 8th day of July, 1950, while it was parked in a shed on the filling station premises. On oral arrangement only between Hedrick and Michel, Hedrick was permitted to park his auto on such premises after the filling station closed for business each evening until eight o'clock the following morning. For such privilege he paid Michel $3.00 a month.

As a matter of law there is no basis for a recovery against the Pure Oil Company in this action and the demurrer interposed by that company to the amended petition of plaintiff should have been sustained under authority of **James R. Burdick v. Gilman Cheadle, 26 Oh St 393**, a leading case in Ohio which has been consistently followed by our Supreme Court. In the instant case Pure Oil Company was out of control of the premises leased by it by Michel, and the fact that its products were advertised and sold on such premises by the lessee did not amount to control of the shed wherein Hedrick's car was parked at the time it was damaged. Arrangements for the parking of Hedrick's automobile were entered into solely between Hedrick and Michel, as clearly alleged in the amended petition of plaintiff as well as by the evidence in this case, there being no allegation thereof that Pure Oil Company had any control of the premises at the time the roof over the shed where Hedrick's car was parked fell and damaged it.

The question of liability of the defendant, Michel, depends upon the relationship existing between Hedrick and Michel at the time the shed roof fell in and damaged Hedrick's car. If that relationship was one of bailor and bailee the judgment against Michel should be sustained. If that relationship is one of lessor and lessee Michel is not liable for the damages to Hedrick's car in the absence of any proof of any duty upon the part of Michel to keep the shed in repair, and in the absence of any proof that Michel was guilty of negligence causing the roof to fall.

An examination of the evidence contained in the record discloses beyond question that Hedrick's rights amounted only to the privilege of parking his auto in the shed, the roof of which fell in. Hedrick had at all times kept control of his car, placed the same in the shed, locked the car, retained the keys thereof and removed it at his pleasure each morning during a period of three years, Michel never having had custody

or control of the car, had no keys for it, never parked it, and never removed it from the premises. Hedrick testified that he parked the car after the filling station was closed; that he did not have to park it at any particuluar place, but could park it any place that was open, that he locked the car and kept the keys; that he did not give the keys to Michel or anybody at the station; that he had the only keys to the car.

The Common Pleas Court found that the relationship between Hedrick and Michel was not that of bailor and bailee; that the cited case of **Agricultural Ins. Co. v. Constantine, 144 Oh St 275,** has no application to the facts of this case. The Common Pleas Court further found there was no evidence of negligence on the part of the defendants and accordingly reversed the judgment of the Municipal Court and rendered final judgment for the defendants. With the findings and judgment of the Common Pleas Court we are in accord and make reference to the thorough opinion rendered by Harter, Judge.

The judgment of the Court of Common Pleas is affirmed.

GRIFFITH and FESS, JJ, concur.